(January 10, 1962)

■ CEDRIC W. WOOD, Respondent, v. STATE OF NEW YORK, Appellant.

HALPERN, J. (dissenting in part). The principal controversy relates to a deduction made by the State in the amount of $5,115.38 to reimburse it for engineering and inspection expenses incurred by it after December 1, 1956. The claimant's contract with the State called for completion on December 1, 1956. The date of actual completion of the work was July 18, 1958. Three extensions of time were granted by the State in response to applications for extensions by the claimant. The first letter of extension extended the completion date to August 31, 1957, "with charge for Engineering and Inspection after December 1, 1956". The second letter of extension extended the completion date to December 31, 1957, "with charge for Engineering". The third letter (which is the one which gave rise to the controversy) dated July 3, 1958 granted an extension to August 1, 1958 "with engineering and inspection charges after

December 31, 1957 ". The contract provided that, if the work was not completed on the date specified therein, the State would have the right to charge the contractor for engineering and inspection expenses incurred by it from the date originally fixed for completion to the final date of completion. Each application for an extension, including the third one, contained the provision that the contractor " in consideration for such extension, hereby agrees that the engineering and inspection expenses actually incurred by the State upon this work, from the completion date originally fixed in the contract to the final completion of the contract, shall be borne by the undersigned [contractor] and may be deducted by the Department of Public Works from the final account on said contract ".

The claimant contends that when he received the third letter of extension, he assumed that the reference to December 31, 1957, therein meant that the State had decided to waive its charge for engineering and inspection expenses for the period of the first two extensions and that it had decided to insist on payment of engineering and inspection expenses only from December 31, 1957, on, that is, during the third period of extension. The claimant admits that this assumption was a secret operation of his own mind. He did not notify any representative of the State of his assumption and he did not ask anyone for a clarification of the letter. It is now conceded that the State, in fact, had no intention to waive the charge for engineering and inspection expenses for the period covered by the first two extensions. In referring to expenses after December 31, 1957, in the third letter of extension, the writer obviously meant to refer to the date to which the last extension had run, the liability of the contractor for engineering and inspection expenses before that date having been covered by the earlier extension applications and letters. The State at all times intended to charge for engineering and inspection expenses throughout the entire period from the date of completion originally fixed for completion in the contract to the date of actual completion.

In an effort to create the basis for an estoppel, the claimant contends that, in reliance upon his erroneous interpretation of the third extension letter, he decided, again only in his mind, not to assert a claim for extra work which he had previously mentioned orally but which he had never formally submitted. He contends that he would have filed an extra work claim, if it had not been for his erroneous assumption that the State had decided to be generous to him, but he does not contend that he ever notified any representative of the State that he was waiving the extra work claim in reliance upon his assumption as to the State's intention.

There is no basis in the record for the claim of misreliance. As a matter of fact, the claimant was specifically advised that the State had deducted the full amount for engineering and inspection charges for the period of all three extensions, when the claimant inquired about it, while he was holding in abeyance the final check sent to him by the State. The claimant rejected the check and returned it to the State. The claimant could then have asserted his claim for extra work, if he thought that he had a meritorious claim, but he did not do so. Instead, he filed a claim only for the amount of the conceded balance and for the amount of the deductions. It thus appears that the claimant did not give up his right to file an extra work claim in reliance upon an erroneous interpretation of the extension letter. He surrendered the claim voluntarily, after he had full knowledge of the facts.

The claimant raised no question about the propriety of the State's deduction of $697.05 for engineering and inspection expenses from December 31, 1957, to July 18, 1958, but he objected to the deduction by the State of $5,115.38 for engineering and inspection expenses from December 1, 1956, to December 31, 1957. This sum was awarded to him by the Court of Claims.

The award of this amount to the claimant seems to me to be wholly unwarranted. The claim seems to me to be a farfetched effort to take advantage of a slight difference in the wording of the extension letters, which could not reasonably have misled the claimant and which did not in fact mislead him. The Court of Claims decided the case in favor of the claimant on the theory of estoppel, but I can see no basis whatever for the finding of an estoppel.

The portion of the judgment awarding to the claimant $5,115.38 and interest thereon should be reversed and the claim therefor dismissed.

All concur, except Halpern, J., who dissents in part in an opinion. Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

Judgment affirmed, with costs.